IN THE UNITED STAT1ES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CALVIN BRADLEY COX, | } |
| Plaintiff, | } |
| | } CIVIL ACTION NO. |
| v. | } 2:15-CV-0266-WMA |
| ASSET ACCEPTANCE LLC, | } |
| Defendant. | } |

**MEMORANDUM OPINION**

On March 24, 2015, defendant Asset Acceptance LLC ("Asset") filed a motion for more definite statement on the basis that the complaint filed by Calvin Bradley Cox is a "shotgun pleading." (Doc. 8). "The persistence of the shotgun pleading problem is particularly frustrating because . . . [n]othing is stopping plaintiffs from refraining from writing shotgun pleadings . . . [and] nothing is stopping defense lawyers from asking for a more definite statement." *Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1127 (11th Cir. 2014). For the reasons stated below, Asset's motion will be granted.

"[S]hotgun pleading . . . has been roundly, repeatedly, and consistently condemn[ed] for years." *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 979 (11th Cir. 2008). "These types of cases invariably begin with a long list of general allegations, most of which are immaterial to most of the claims for relief." *Johnson Enterprises of Jacksonville, Inc. v. FPL Grp.*, Inc., 162

F.3d 1290, 1333 (11th Cir. 1998). "Shotgun pleadings are those that incorporate every antecedent allegation by reference into each subsequent claim for relief or affirmative defense." *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006). This type of pleading "wreak[s] havoc on the judicial system," *Id.*, and allows "a straightforward dispute [to] metastasize[] into [a] years-long discovery sinkhole." *Paylor*, 748 F.3d at 1125.

Here, Cox's complaint "is the proverbial shotgun pleading." *Wagner*, 464 F.3d at 1279. Of Cox's approximately one-hundred numbered allegations, most are general and conclusory allegations. (Doc. 1 at 3-15). Further, the first paragraphs of Counts I-XII identically incorporate by reference the antecedent allegations (Doc. 1 at 15-21, 24) and the first paragraphs of Counts XIII and XIV incorporate by reference all allegations in the complaint (Doc. 1 at 25-26). Taken together, along with the "wholly conclusory statement[s]" under each Count heading[1], *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561 (2007), it is difficult to tell which specific factual allegations underlie Cox's particular claims.

Therefore, the court will by separate order grant Asset's motion, and require Cox to amend his complaint by May 13, 2015 to

---

[1] For example, "Defendant Asset violated Section 1692d by collecting this debt as alleged in this Complaint." (Doc. 1 at 15).

eliminate the shotgun pleadings and conform with Federal Rules of Civil Procedure 8 and 10.

DONE this 5th day of May, 2015.

                                      /s/ William M. Acker, Jr.
                                      WILLIAM M. ACKER, JR.
                                      UNITED STATES DISTRICT JUDGE